AO 245D (Rev 12/10) Judgment in a Criminal Case for Revocations Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Isaiah Roddy** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **1:10CR01110-001JB**<br>USM Number: **54001-051**<br>Defense Attorney: **John Butcher, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **MC**  of the term of supervision.
☐  was found in violation of condition(s)     after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Mandatory Condition: "The defendant failed to refrain from any unlawful use of a controlled substance." | 05/31/2012 |

The defendant is sentenced as provided in pages 1 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)     and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **4149** | **August 1, 2012** |
| Last Four Digits of Defendant's Soc. Sec. No. | Date of Imposition of Judgment |
| **1955** | **/s/ James O. Browning** |
| Defendant's Year of Birth | Signature of Judge |
| **Albuquerque, NM** | **Honorable James O. Browning**<br>**United States District Judge** |
| City and State of Defendant's Residence | Name and Title of Judge |
| | **August 9, 2012** |
| | Date Signed |

Defendant: **Isaiah Roddy**
Case Number: **1:10CR01110-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **2 months**.

**On September 22, 2010, the Honorable John E. Conway, United States District Judge, sentenced Defendant Isaiah Roddy to a sentence of 223 days or time served, whichever is less, for a violation of 18 U.S.C. § 641, that being theft of government property. See Judgment in a Criminal Case at 1-2, filed September 22, 2010 (Doc. 13)("Sept. 22, 2010 Judgment"). Judge Conway imposed a term of 2-years supervised release. See Sept. 22, 2010 Judgment at 3. One of the mandatory conditions of supervised release is as follows: "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer." Sept. 22, 2010 Judgment at 3. Another one of the mandatory conditions of supervised release is as follows: "If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment." Sept. 22, 2010 Judgment at 3. One of the special conditions of supervised release is as follows: "The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer." Sept. 22, 2010 Judgment at 4. On January 12, 2011, Judge Conway sentenced Roddy to 7-days imprisonment for violating terms of his supervised release and imposed an additional term of 18-months supervised release. See Judgment in a Criminal Case at 2-3 (Doc. 29). As part of that proceeding, Roddy admitted to violating the terms of his supervised release by: (i) failing to answer truthfully all inquiries his probation officer made; (ii) failing to participate in and successfully complete a substance abuse treatment program; (iii) failing to complete a program at a residential re-entry center; and (iv) failing to refrain from the unlawful use of a controlled substance. See Clerk`s Minutes for Sentencing Proceedings Before Judge Conway on Violation of Supervised Release at 1, filed January 12, 2011 (Doc. 28).**

**On May 31, 2012, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Roddy had violated the conditions set out above regarding drug testing, the obligation to pay restitution, and his financial credit obligations. See Doc. 34, at 1-2 ("Original Petition"). On June 13, 2012, the USPO filed an Amended Petition for Revocation of Supervised Release. See Doc. 46, at 1-2 (Doc. 46)("Amended Petition"). In the Amended Petition, the USPO asserts that Roddy violated the mandatory condition regarding unlawful use of a controlled substance, because, on three separate dates, he "submitted urine specimens which returned positive for the use of cocaine, as evidenced by drug laboratory reports." Amended Petition at 1-2. The USPO also contends that Roddy violated his obligation to pay restitution by failing "to submit restitution payments of not less than $100 as directed by the Court during the months of January through April 2012." Amended Petition at 2. The USPO alleges that Roddy violated his financial credit obligations by ordering a cable television subscription without receiving appropriate permission. See Amended Petition at 2.**

**At the revocation hearing on July 11, 2012, Roddy stated that he was willing to admit to a violation of the term of supervised release regarding unlawful use of a controlled substance on two occasions, but not on three occasions. Roddy related that he was not willing to admit to a violation of the terms of supervised release regarding his obligation to pay restitution and his financial credit obligations. Plaintiff United States of America and the USPO asserted that they were willing to agree to Roddy pleading guilty to a violation of his term of supervised release regarding unlawful use of a controlled substance and not proceeding on the other two charges of supervised release violations. The Court continued the revocation hearing set for July 11, 2012, based on Roddy`s request that the Court allow him to sort out various medical appointments and treatments he had scheduled in the near future. Revocation is not mandatory for these violations. Roddy asks for a term of electronic monitoring and house arrest rather than imprisonment, or alternatively a term of imprisonment of less than one month. The United States asks for a sentence of 8-months incarceration and that the Court impose no additional term of supervised release. Because Roddy has violated a term of his supervised release, his violation is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(C). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Roddy`s criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of VI. See Judgment at 2. A Grade C violation and a criminal history category of VI yields a guideline imprisonment range of 8 to 14 months.**

**The Court finds that Roddy violated a condition of his supervised release by failing to refrain from the unlawful use of a controlled substance. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed**

the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Roddy`s violations. The Court concludes that a sentence of 2 months and an additional term of supervised release of 4 months is sufficient to reflect the seriousness of the violation. There are a variety of mitigating factors in this case that counsel in favor of a downward variance. The most important is Roddy`s significant health problems. Roddy is in poor physical health. About thirty years ago, he was severely burned with acid on his face and arms. As a result, he now experiences irritation and inflamation on his face and eyes, and has extensive scarring. He also has a variety of more recent health problems causing complications for him. He has received diagnoses for asthma, glaucoma, diabetes, and hypertension. While on supervision, he received a diagnosis for prostate cancer and underwent a series of chemotherapy treatments that he completed in November 2011. Notably, a recent examination in June indicates that his cancer may have returned. Roddy also suffers from Post Traumatic Stress Disorder and severe anxiety. Incarcerating him for too long a period of time could further aggravate his already poor health. Furthermore, Roddy has argued that too long a period of incarceration would put him out on the street, as he would lose his apartment, his government benefits through Social Security and the Department of Veterans Affairs, and the structure he has in his life. The Court acknowledges that those potential complications are realities for individuals seeking to enter back into society after they have left prison. Nevertheless, there are some aggravating factors that counsel against imposing a sentence of home detention and electronic monitoring. His criminal history includes various convictions, including: (i) Residential Burglary/Breaking and Entering; (ii) Threatening a Witness; (iii) Aggravated Assault; (iv) Escape from Jail; (v) Trafficking Cocaine; (vi) Battery on a Household Member/Habitual Offender; (vii) Fraud Over $250; (viii) Receiving and Transferring a Stolen Motor Vehicle; and (ix) Possession of Crack Cocaine. He also has eleven other arrests that did not result in convictions. This violation of supervised release is also not his first, as Judge Conway also found that Roddy had violated the terms of his supervised release. A sentence of greater than 2 months would not more fully reflect the factors in 18 U.S.C. § 3553(a). A greater sentence than that could disrupt Roddy`s already sensitive health condition and derail his reintegration into society. The Court believes reincorporating Roddy back into society is the most important goal of supervised release. This sentence of 2-months imprisonment and 4-months supervised release will also provide him with sufficient time to receive placement in a halfway house. A 2-month sentence will also not be overly disruptive of Roddy`s medical appointments and treatment.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the violation, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). On the scale of violations, which include committing additional offenses while on supervised release, these violations are less serious than some a defendant could commit. Roddy has violated those conditions, however, on a repeated basis. He also has a significant drug problem that he needs to face. Other conditions that the Court will require as part of supervised release, including participating in a drug treatment program, will provide Roddy with some needed education, training, and care to prevent these problems from reoccurring. He has already spent a long period of time on supervised release, however, and he must ultimately be able to handle living in society without the USPO`s help. Imposing a lengthy term of supervised release is not the best solution. Given that he is receiving a term of incarceration, rather than home detention and electronic monitoring, the sentence reflects the seriousness of the violation, promotes respect for the law, and provides just punishment. Roddy`s health conditions place some significant downward pressure on the Court`s consideration of the applicable factors in 18 U.S.C. § 3553(a). Because Roddy will receive a term of incarceration, rather than no incarceration, the Court concludes that, in light of his health condition, the sentence provides adequate deterrence, both specifically to Roddy and to the public generally. While Roddy has significant criminal history, the Court believes that this sentence will protect the public in part because of some of the conditions the Court will require and has required as part of supervised release, as well as his significant health problems that reduce his likelihood of committing more crimes. In light Roddy` significant health problems, the Court believes that this sentence reflects his individual circumstances and does not promote unwarranted sentencing disparities among similarly situated defendants. The Court believes it is most important to impose conditions that will provide him with some education, training, and care to help him overcome his drug problems. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Roddy to 2-months imprisonment and a term of 4-months supervised release.

☐     The court makes these recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.
☒ The defendant shall surrender to the United States Marshal for this district:
    ☒    at  on **August 20, 2012**
    ☐    as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐    before 2 p.m. on
    ☐    as notified by the United States Marshal
    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.


UNITED STATES MARSHAL


By
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 3 Supervised Release
Judgment Page 5 of 6

Defendant: **Isaiah Roddy**
Case Number: **1:10CR01110-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 months**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is to be a condition of supervised release that the defendant pay in accordance with Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations  
Sheet 3C Supervised Release

Judgment Page 6 of 6

Defendant: **Isaiah Roddy**  
Case Number: **1:10CR01110-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting any illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Office.**

**The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The defendant shall reside at and complete a program at a Residential Re-Entry Center approved by the probation officer for a period of four (4) months.**